IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH KIETT,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIE BONDS, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2543 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Docket Entry 1.[1]

1. Petitioner pled guilty to murder, N.J. STAT. ANN. § 2C:11-3(a), and second-degree escape, N.J. STAT. ANN. § 2C:29-5(a). Petition ¶¶ 5-6. He was sentenced by the Superior Court of New Jersey, Atlantic County, Law Division, to life imprisonment with a thirty-year term of parole ineligibility on November 25, 1985. *Id.* ¶¶ 2-3.

2. Petitioner appealed to the New Jersey Superior Court Appellate Division seeking to withdraw his guilty plea. The Appellate Division denied his request, but the New Jersey

---

[1] Petitioner's application to proceed *in forma pauperis* is denied as his prisoner trust account has had more than $200 within the past six months. *See* Local Civil Rule 81.2(c). The Court will continue its Rule 4 review as Petitioner has paid the filing fee, however.

Supreme Court vacated the guilty plea and remanded to the trial court. *State v. Kiett*, 582 A.2d 630 (N.J. 1990); Petition ¶ 9(g).

3. On remand, Petition again pled guilty and was resentenced on April 26, 1991. Petition Exhibit A. He filed another appeal, this time challenging the validity of the search. *Id.* Petitioner indicates the New Jersey Supreme Court denied certification of this appeal on July 17, 1992. *Id.*

4. Petitioner filed a petition for post-conviction relief ("PCR") in the state courts on March 11, 2010 raising ineffective assistance of counsel claims. Petition ¶ 11. The trial court denied the petition on April 16, 2010. *Id.*

5. Petitioner next filed a petition for "a new trial based on newly discovered evidence" in October 2014. *Id.* ¶ 11(b). He argued "[t]he statute used to waive jurisdiction of the defendant from juvenile court to Law Division was in an [sic] improper ex post facto application and/or based on a non-existent law/unconstitutional act" and that "[t]he invalid waiver based on non-existent law/unconstitutional act creates a lack of jurisdiction." *Id.*

6. The Law Division judge denied the motion as untimely on November 13, 2014 and denied Petitioner's motion for reconsideration on December 11, 2014. *Id.*; Petition Exhibit C.

7. The Appellate Division affirmed for the reasons cited by the Law Division judge, *State v. Kiett*, No. A-2457-14 (N.J. Sup. Ct. App. Div. July 20, 2016); Petition Exhibit E, and the state Supreme Court denied certification on December 7, 2016. Petition Exhibit F.

8. Petitioner paid the filing fee for this habeas action on January 25, 2017, and his petition was mailed on April 11, 2017.

9. Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

10. Petitioner's conviction became final ninety days after the New Jersey Supreme Court denied certification of Petitioner's second direct appeal on July 17, 1992: October 15, 1992. However, Petitioner had until April 23, 1997 to file a timely § 2254 petition because his conviction became final before AEDPA went into effect on April 24, 1996. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (establishing one-year "grace period"). Giving Petitioner the benefit of the AEDPA grace period, his habeas petition is still twenty years too late and must be dismissed unless some form of tolling applies.

11. Petitioner is not entitled to statutory tolling as the time in which he could have filed a timely § 2254 petition expired before he filed his PCR petition in 2010. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

12. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*,

4

560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

13. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

14. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

15. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

16. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

17. In the interests of justice, Petitioner shall be ordered to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

18. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations.


 **May 24, 2017**             **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                                 Chief U.S. District Judge