IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH KIETT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIE BONDS, et al.,<br><br>　　　　Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2543 (JBS)<br><br>**OPINION** |

Ralph Kiett, Petitioner Pro Se
202244/047670B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 08302

DAMON G. TYNER, Atlantic County Prosecutor
JOHN J. SANTOLIQUIDO, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd, Suite 2
PO Box 2002
Mays Landing, New Jersey 08330
　　　Attorney for Respondents

**SIMANDLE, U.S. District Judge:**

**I. INTRODUCTION**

　　This matter comes before the Court on an Order to Show Cause issued sua sponte as to why Ralph Kiett's petition for writ of habeas corpus should not be dismissed as time barred. [Order to Show Cause, Docket Entry 3]. Petitioner Ralph Kiett opposes the dismissal and requests equitable tolling. [Show Cause Reponse, Docket Entry 4]. Respondent Willie Bonds argues Petitioner is not entitled to equitable tolling. [Limited

Answer, Docket Entry 9]. The matter is being decided on the papers pursuant to Federal Rule of Civil Procedure 78.

The principal issue to be decided is whether Petitioner has demonstrated that equitable tolling of the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is warranted based on his alleged mental disability and new case law. The Court concludes that equitable tolling is inappropriate in this case for the reasons stated below. Therefore, the Court dismisses the petition as time barred.

**II. BACKGROUND**

On September 17, 1985, Petitioner pled guilty to murder, N.J.S.A. § 2C:11-3(a), and second-degree escape, N.J.S.A. § 2C:29-5(a). [Docket Entry 1 ¶¶ 5-6]. He was sentenced by the Superior Court of New Jersey, Atlantic County, Law Division, to life imprisonment with a thirty-year term of parole ineligibility on November 25, 1985. [*Id.* ¶¶ 2-3]. Petitioner appealed to the New Jersey Superior Court Appellate Division ("Appellate Division") seeking to withdraw his guilty plea. The Appellate Division denied his request, but the New Jersey Supreme Court vacated the guilty plea and remanded to the trial

court. *State v. Kiett*, 582 A.2d 630 (N.J. 1990).[1] [Docket Entry 1 ¶ 9(g)].

On remand, Petition again pled guilty and was resentenced on April 26, 1991. [Docket Entry 1 at 4]. He filed another appeal, this time challenging the validity of the search. [*Id.*]. Petitioner indicates the New Jersey Supreme Court denied certification of this appeal on July 17, 1992. [*Id.*].

Petitioner filed a petition for post-conviction relief ("PCR") on March 12, 2008 raising ineffective assistance of counsel claims. [Docket Entry 9-3 at 2].[2] The PCR Court denied the petition on April 12, 2010. [*Id.*]. The Appellate Division affirmed "substantially for the reasons set out in [the PCR Court's] written opinion." *State v. Kiett*, No. A-5166-09, 2011 WL 2416876, at *2 (N.J. Super. Ct. App. Div. June 17, 2011).

---

[1]. Petitioner's plea agreement removed the death penalty as a possible sentence. The New Jersey Supreme Court held that Petitioner was entitled to withdraw his guilty plea when he discovered that the death penalty was never applicable to his crimes because he was a juvenile at the time of the crimes. *See Kiett*, 582 A.2d at 633 ("If a defendant is misinformed about his or her eligibility for the death sentence, and if that misunderstanding is material to the plea, he or she cannot be deemed to have entered a guilty plea with a full understanding of the penal consequences.").

[2] The petition states Petitioner's first PCR was filed on March 11, 2010. [Docket Entry 1 ¶ 11]. The Court will use the earlier date provided by the Appellate Division in its opinion denying Petitioner's second PCR appeal as the difference in filing dates does not change the ultimate outcome of the matter. [Docket Entry 9-3 at 2; *State v. Kiett*, No. A-005316-15 (N.J. Super. Ct. App. Div. Mar. 23, 2017)].

In October 2014, Petitioner filed a petition for "a new trial based on newly discovered evidence." [Docket Entry 1 ¶ 11(b)]. He argued "[t]he statute used to waive jurisdiction of the defendant from juvenile court to Law Division was in an [sic] improper ex post facto application and/or based on a non-existent law/unconstitutional act" and that "[t]he invalid waiver based on non-existent law/unconstitutional act creates a lack of jurisdiction." [*Id.*]. The trial court denied the motion as untimely on November 13, 2014 and denied Petitioner's motion for reconsideration on December 11, 2014. [*Id.* at 13-14]. Petitioner had argued that he never received a copy of the Appellate Division decision denying his motion to withdraw his guilty plea, but the trial court noted that "[y]ou obviously had access to this opinion because you appealed it." [*Id.* at 15]. The Appellate Division affirmed for the reasons cited by the trial court. [*Id.* at 21; *State v. Kiett*, No. A-2457-14 (N.J. Sup. Ct. App. Div. July 20, 2016)]. The New Jersey Supreme Court denied certification on December 7, 2016. [Docket Entry 1 at 23].

Petitioner filed a motion to correct an illegal sentence on November 18, 2015, which was construed as a second PCR petition. [Docket Entry 9-3 at 3; *Kiett*, No. A-005316-15, slip op. at 3]. He "insisted that the Law Division never had

4

jurisdiction over him because 'the Statute relied upon to waive [him] from Juvenile Court to Superior Court, Criminal Division, [which he identified as N.J.S.A. 2A:4-48] constituted an improper ex post facto application of the law and resulted in an invalid waiver.'" [Docket Entry 9-3 at 3; *Kiett*, No. A-005316-15, slip op. at 3 (alterations in original)]. The PCR Court denied the petition on June 28, 2016 without an evidentiary hearing. [Docket Entry 1 at 9]. Petitioner appealed, and the Appellate Division affirmed for the reasons stated by the PCR Court on March 23, 2017. [Docket Entry 9-3; *Kiett*, No. A-005316-15].

Petitioner thereafter filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 10, 2017. [Docket Entry 1]. The Court reviewed the petition under Habeas Rule 4 and noted that it appeared to be untimely under AEDPA. The Court issued an Order to Show Cause why the petition should not be dismissed as untimely. [Docket Entry 3]. Petitioner filed a response, [Docket Entry 4], and the Court concluded a limited answer on the issue of timeliness was warranted from Respondent Willie Bonds. [Docket Entry 5]. Respondent filed the limited answer, [Docket Entry 9], and Petitioner did not file a response.

The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

**III. STANDARD OF REVIEW**

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849,

856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

Petitioner's conviction became final before AEDPA went into effect on April 24, 1996; therefore, he had until April 23, 1997 to file a timely § 2254 petition. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (establishing one-year "grace period").[3] Even after giving him the benefit of the AEDPA grace period, Petitioner's habeas petition is still twenty years too late and must be dismissed unless some form of tolling applies.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner filed his first PCR petition in 2008, long after the one-year statute of limitations expired under AEDPA. Statutory tolling is therefore inapplicable, and the petition is barred as untimely unless equitable tolling applies. The Court gave Petitioner notice and opportunity to

---

[3] Petitioner's conviction became final ninety days after the New Jersey Supreme Court denied certification of Petitioner's second direct appeal on July 17, 1992: October 15, 1992. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court.").

argue for the application of equitable tolling in an Order to Show Cause. [Docket Entry 3].

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

Petitioner appears to give two reasons why this Court should apply equitable tolling: (1) because has a mental disability; and (2) the New Jersey Supreme Court's decision in *State v. Zuber*, 152 A.3d 197 (N.J.), *cert. denied*, 138 S. Ct. 152 (2017), was not available to him until January 11, 2017. [Docket Entry 4 at 5-6].

In *Zuber*, the New Jersey Supreme Court extended the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which banned the imposition of mandatory life

8

without parole sentences on defendants who were under 18 at the time of their crimes, to "sentences that are the practical equivalent of life without parole . . . ." 152 A.3d at 201. *Zuber* is a matter of state law and therefore does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent a claim could be based on *Miller*, it is unexhausted in the state courts, *see* 28 U.S.C. § 2254(b)(1)(A), and likely untimely under 28 U.S.C. § 2244(d)(1)(C). *Miller* was decided by the Supreme Court on June 25, 2012; a timely habeas petition based on *Miller* would have been due on June 25, 2013. More importantly, Petitioner has not satisfactorily explained why *Miller*'s date of decision prevented him from filing a timely habeas petition regarding his ex post facto claim, the only claim mentioned in his petition.

The Court also concludes equitable tolling is not warranted based on Petitioner's alleged mental disability. The sole evidence provided in support of Petitioner's argument in favor of equitable tolling on the basis of a mental disability is language quoted from the New Jersey Supreme Court's decision finding that he had a right to withdraw his guilty plea based on the misunderstanding that he was eligible for the death penalty. The New Jersey Supreme Court quoted from the sentencing hearing:

> At the conclusion of the penalty hearing, the court found:

> It is reasonable to conclude that the two aggravating factors do not, beyond a reasonable doubt, outweigh the mitigating factors of which there is evidence. Inasmuch as the defendant was a juvenile at the time of the offense, his age may be deemed a mitigating factor. [N.J.S.A. 2C:11-3c(5)(c).] His borderline mental retardation and substance abuse problems may be considered as having, to a significant degree, impaired his capacity to conform his conduct to the capacity of the law. [N.J.S.A. 2C:11-3c(5)(d).] The early childhood emotional and physical trauma experienced by him may have [sic] deemed to interfere with his character development so as to adversely impact upon his ability to live as a law-abiding citizen. [N.J.S.A. 2C:11-3c(5)(h).]

*State v. Kiett*, 582 A.2d 630, 632 (N.J. 1990) (alterations in original). Petitioner does not provide any other evidence in support of his equitable tolling argument.

"[M]ental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 3204 (3d Cir. 2001) (citing *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). "Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Id.* (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). *See also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline ... the deadline should be equitably tolled.").

The sentencing court's statement does not provide an explanation as to how Petitioner's alleged mental disability caused the delay in filing a timely § 2254 petition. The statement reflected Petitioner's mental state in 1985. There is no evidence before the Court what Petitioner's state was between April 24, 1996 and April 23, 1997 or any time since then. *Cf. Nara*, 264 F.3d at 320 (remanding for evidentiary hearing where petitioner provided "evidence of ongoing, if not consecutive, periods of mental incompetency"). In addition, the sentencing court's statement was an acknowledgement that Petitioner's mental deficiencies could have had "an adverse impact upon his ability to live as a law-abiding citizen[,]" but made no mention of an effect on Petitioner's ability to understand the need to timely file materials or act diligently in court matters. *See Kiett*, 582 A.2d at 632.

Petitioner "did not put forth any particular evidence to show that his mental illness prevented him from asserting his rights." *United States v. Johnson*, 734 F. App'x 153, 159 (3d Cir.), *cert. denied*, 139 S. Ct. 471 (2018). Therefore, he has failed to carry his burden on showing there is a nexus between the extraordinary circumstances his condition allegedly caused and the failure to file a timely habeas petition. *Ross v.*

*Varano*, 712 F.3d 784, 803 (3d Cir. 2013). The petition is therefore dismissed as time barred.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**IV. CONCLUSION**

For the reasons stated above, the petition is dismissed as untimely. No certificate of appealability shall issue. An appropriate order follows.

**May 21, 2019**                       **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                 U.S. District Judge